UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| Case Title: | Catherine C. Victor |
| Case Number: | 05-14370 |

## Document Information

| | |
|---|---|
| Description: | Order Granting [25-1] Trustee's Objection To Third Amended Exemption by Clarke Coll . |
| Received on: | 2006-05-03 14:13:28.000 |
| Date Filed: | 2006-05-03 00:00:00.000 |
| Date Entered On Docket: | 2006-05-03 00:00:00.000 |

## Filer Information

| | |
|---|---|
| Submitted By: | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO**

In re:   CATHERINE C. VICTOR,                                            No. 7-05-14370 MR

Debtor.

**ORDER ON TRUSTEE'S OBJECTION TO THIRD
AMENDMENT TO CHANGE CHAPTER 7 CLAIM OF EXEMPTIONS**

THIS MATTER came before the Court on the Trustee's Objection to Third Amendment to Change Chapter 7 Claim of Exemptions ("Trustee's Objection to Exemptions").[1]  The Chapter 7 Trustee asserts that there is $4,900.00 in non-exempt property in the Debtor's bankruptcy estate, and requests the Court to disallow Debtor's claim of exemption in a 1993 Guthrie Trailer in its entirety, or to the extent the claimed exemption exceeds the exemption amount available.  The Debtor filed a response to the Trustee's Objection to Exemptions, asserting that the property at issue is the sole and separate property of her non-filing spouse, and that under the federal exemptions available to her under the Bankruptcy Code, all of her interests in property listed in Schedule C are properly claimed as exempt.  The Court held a final hearing

---

[1]The Chapter 7 Trustee also filed an objection to the Debtor's first amendment to Schedule A, B, and C.  (*See* Docket # 18).   The Debtor filed a response which asserted that the objection was untimely, since the Debtor had received a discharge prior to the date the objection was filed.  (*See* Docket # 16 - Order Discharging Debtor and Docket # 19 - Response to Trustee's Objection to Claim of Exemption of Property).  Pursuant to Rule 4003(b), Fed.R.Bankr.P., a party in interest may file an objection to a debtor's claimed exemptions "within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later."  Rule 4003(b), Fed.R.Bankr.P. The Debtor filed her amended Schedule C on September 20, 2005, and the Chapter 7 Trustee filed his objection on October 21, 2005.  Although the Chapter 7 Trustee's objection was filed one day beyond the thirty-day period proscribed by Rule 4003(b), Fed.R.Bankr.P., Debtor subsequently filed a third amendment to her Schedules A, B, and C on March 16, 2006, to which the Chapter 7 Trustee filed a timely objection on April 4, 2006.   Because the Court's decision is based on the Debtor's latest amended schedules, the Court will not overrule the Chapter 7 Trustee's objection on grounds that the objection was not timely filed.

1

on the Trustee's Objection to Exemptions on April 12, 2006, and took the matter under advisement. Based on the Debtor's statements and schedules, as amended, and the exhibits submitted by the Debtor in response to the Trustee's Objection to Exemptions, the Court finds as a matter of law that the Debtor's bankruptcy estate contains non-exempt property that is subject to liquidation by the Chapter 7 Trustee. Accordingly, the Court sustains the Chapter 7 Trustee's Objection to Exemptions.

FACTS

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 27, 2005. Debtor was married as of the date of the filing of the petition, but her spouse did not join in the petition. Since the filing of her voluntary petition, Debtor has amended her statements and schedules four times.[2] The Debtor filed amendments to her Schedule B to add a 1993 Guthrie Trailer, a 2003 Gooseneck Trailer, and a 2002 Gooseneck Trailer which she asserts are the sole and separate property of her non-filing spouse. The amendments to her schedules also reflect the following changes in value for these items: 1993 Guthrie initially valued at $12,000.00 is valued on Debtor's Third Amended Schedules at $8,000.00; 2003 Gooseneck Trailer initially valued at $4,000.00 is valued on Debtor's Third Amended Schedules at $2,750.00; and 2002 Gooseneck Trailer initially valued at $5,000.00 is valued on Debtor's Third Amended Schedules at $3,300.00. Debtor's Third Amended Schedules also change her election of exemptions to the

---

[2]On August 17, 2005, Debtor filed Amended Schedules A, B, I, J, and Statement of Financial Affairs. On September 2, 2005, Debtor filed Amended Schedules A-D, F, G-J, Amended Statement of Financial Affairs, and Amended Statement of Intention. On September 20, 2005, Debtor filed an Amended Schedule C. On March 16, 2006, Debtor filed a Third Amended Schedules A, B, and C. A summary of the changes to Debtor's schedules with regard to her claimed exemptions and valuations is attached as Exhibit A.

federal exemptions provided under 11 U.S.C. § 522(d), instead of the state exemptions she initially elected when filing her petition. Debtor claims an exemption in the 1993 Guthrie Trailer in the amount of $8,000.00 under 11 U.S.C. § 522(d)(1), and claims exemptions in the 2003 Gooseneck Trailer and the 2002 Gooseneck Trailer in the full amount of their reported values under 11 U.S.C. § 522(d)(5). Debtor's Third Amended Schedule C no longer claims an exemption in certain real property located at 546 Moore's Manor, but claims an exemption under 11 U.S.C. § 522(d)(5) in the amount of $2,500.00 in a 1971 Mobile Home located at 546 Moore's Manor.

## DISCUSSION

Exemptions under the Bankruptcy Code are governed by 11 U.S.C. § 522. Because New Mexico has not opted out of the bankruptcy exemption scheme, individual debtors who file a voluntary petition for bankruptcy within the District of New Mexico may elect either the exemptions available to them under applicable non-bankruptcy state or federal law, or the exemptions available under 11 U.S.C. § 522(d). *See* 11 U.S.C. § 522(b)(1) and (2); 4 Collier on Bankruptcy ¶ 522.01, n.2 (Alan N. Resnick and Henry J. Sommer, eds. 15th ed. rev. 2005) (listing those states that have opted out of the exemptions contained in § 522(d)) and ¶ 522.02[1] discussing debtor's choices of exemptions in states which have not "opted out"). In this case, Debtor initially claimed exemptions using the New Mexico exemption statutes, but later amended her Schedule C to claim exemptions under 11 U.S.C. § 522(d), which provides, in relevant part:

> (d) The following property may be exempted under subsection (b)(1) of this section:

3

Case 05-14370-j7    Doc 28    Filed 05/03/06    Entered 05/03/06 15:56:00 Page 4 of 14

> (1) The debtor's aggregate interest, not to exceed $18,450 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.
>
> . . . .
>
> (5) The debtor's aggregate interest, not to exceed in value $975 plus up to $9,250 of any unused amount of the exemption provided under paragraph (1) of this subsection.

11 U.S.C. § 522(d)(1) and (5).

Debtor's Third Amended Schedule C claims an exemption in the 1993 Guthrie Trailer under 11 U.S.C. § 521(d)(1). Debtor's Third Amended Schedule C lists the 1993 Guthrie Trailer under the heading, "Machinery, Fixtures, Equipment and Supplies Used in Business." As such, the 1993 Guthrie Trailer does not qualify as "real or personal property that the debtor or a dependent of the debtor uses as a residence" and is, therefore, not properly claimed exempt under 11 U.S.C. § 522(d)(1). The 1971 Mobile Home is claimed exempt under the general exemption section, 11 U.S.C. § 522(d)(5). Even if the 1971 Mobile Home is claimed under 11 U.S.C. § 522(d)(1) as personal property that the debtor or a dependent of the debtor uses as a residence, the total amount of the exemptions claimed under § 522(d)(5), which must include the 1993 Guthrie Trailer, exceed the maximum exemption amount of $10,225.00[3] available to the Debtor under 11 U.S.C. § 522(d)(1) and (5).[4]

---

[3] $975 under 11 U.S.C. § 522(d)(5), plus $9,250 of the unused portion of the exemption provided under 11 U.S.C. § 522(d)(1) = $10,225.00.

[4] Computed as follows:
  2002 Gooseneck Trailer:   $2,750.00
  2003 Gooseneck Trailer:   $3,300.00
  Cash on hand:             $    25.00

4

In response, Debtor asserts that the 1993 Guthrie Trailer, the 2003 Gooseneck Trailer, and the 2002 Gooseneck Trailer are the sole and separate property of her non-filing spouse and as such, never became property of the estate under 11 U.S.C. § 541. Alternatively, she asserts that if the trailers are community property, her one-half interest is properly claimed as exempt. Upon the filing of a bankruptcy, all community property, including a non-filing spouse's interest in community property, becomes property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(2).[5] *See also, Swink v. Sunwest Bank (In re Fingado),* 113 B.R. 37, 39 (Bankr.D.N.M. 1990), *aff'd* 995 F.2d 175 (10th Cir. 1993) ("[A] petition by one spouse passes all community property into

---

| | |
|---|---|
| Checking Acct: | $ 100.00 |
| Children's books, cds etc.: | $ 150.00 |
| Women's Clothing: | $ 500.00 |
| 2 Ruger 45 Pistols: | $ 300.00 |
| 1993 Guthrie Trailer: | $8,000.00 |
| Total: | $15,125.00 |

$15,125.00 - $10,225.00 = $4,900.00 excess of claimed exemption amount over available exemption amount.

---

[5]That section provides:
    (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:
        . . . .
        (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is --
      (A) under the sole, equal, or joint management and control of the debtor; or
      (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.
11 U.S.C. § 541(a)(2).

5

property of the state.") (citations omitted).  However, in determining the nature and scope of the community property rights at issue, the Court must examine applicable state law.  *See Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("[C]ongress has generally left the determination of property rights in the assets of a bankrupt's estate to state law.").

Under New Mexico law, there is a statutory presumption that all property acquired during the marriage is community property.  N.M.S.A. § 1978 § 40-3-12(A) (Repl. Pamp. 1999) ("Property acquired during marriage by either husband or wife, or both, is presumed to be community property.").  *See also,* N.M.S.A. 1978 § 40-3-8(B) (Repl. Pamp. 1999) ("Except as provided in subsection C of this section, "community property" means property acquired by either or both spouses during marriage which is not separate property."); *Stroshine v. Stroshine,* 98 N.M. 742, 743, 652 P.2d 1193, 1194 (1982) ("[P]roperty acquired by either or both spouses during their marriage is presumptively community property.")(citations omitted); *Fingado,* 113 B.R. at 40 ("In New Mexico, there is a clearly stated presumption of community property."). The presumption of community property can be overcome by a preponderance of evidence. *Nichols v. Nichols,* 98 N.M. 322, 327, 648 P.2d 780, 785 (1982) (citations omitted).  The party asserting the separate character of property has the burden of going forward with the evidence to establish the separate ownership interest.  *Id.*; *See also Campbell v. Campbell,* 62 N.M. 330, 341, 310 P.2d 266, 273 (1957) ("[T]he contestant asserting the separate character of the property has not only the burden of going forward with his evidence, but of establishing separate ownership by a preponderance of evidence.") (citation omitted).   In order to overcome the presumption of community property and show the separate character of the ownership interest in the disputed property, factual evidence must be produced to indicate that the property meets a criterion of

6

separate property as defined in N.M.S.A. 1978 § 40-3-8 (1999 Repl. Pampl).  *C & L Lumber v.
Texas American Bank,* 110 N.M. 291, 294, 795 P.2d 502, 505 (1990).

The five criteria for separate property contained in N.M.S.A. 1978 § 40-3-8 (1999 Rep. Pamp.) are:

> (1) property acquired by either spouse before marriage or after entry of a decree of dissolution of marriage;
> (2) property acquired after entry of a decree entered pursuant to Section 40-4-3 NMSA 1978 unless the decree provides otherwise;
> (3) property designated as separate property by a judgment or decree of any court having jurisdiction;
> (4) property acquired by either spouse as a gift, bequest, devise or descent; and
> (5) property designated as separate by a written agreement between the spouses, including a deed or other written agreement concerning property held by the spouses as joint tenants or tenants in common in which the property is designated as separate property.

N.M.S.A. 1978 § 40-3-8 (1999 Repl.Pamp.).

The only evidence offered by Debtor in support of her position that the trailers are the sole and separate property of her non-filing spouse are certificates of title for the 1994 Guthrie and the 2002 Gooseneck trailer, and a Certificate of Origin for the 2003 Gooseneck Trailer reflecting the name of Justin Victor as the registered owner or transferee.   No testimony was offered at the final hearing on the Trustee's Objection to Exemptions.   This evidence fails to show that any of the criteria for separate property have been met, and is, therefore, insufficient to overcome the presumption that all property acquired during the marriage is community property.  *Cf.  C & L Lumber,* 110 N.M. at 294 (finding that a recitation in a deed not signed by both spouses that the property was sole and separate did not affect the presumption that such property acquired during the marriage was community property).  The Court finds, therefore, that the property at issue is

7

community property under New Mexico law.

A determination that the property at issue is community property under state law does not end the inquiry for purposes of determining whether the community property is property of the Debtor's bankruptcy estate. Community property passes into the Debtor's bankruptcy estate under 11 U.S.C. § 541(a)(2) provided that such property is either: 1) under the sole, equal, or joint management and control of the debtor; or 2) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent such interest is so liable. 11 U.S.C. § 541(a)(2)(A) and (B). The Debtor contends that the trailers are all used by her non-filing spouse in his separate business, and, in fact, the trailers are all titled in the name of her non-filing spouse. Under New Mexico law, this is sufficient evidence that only the Debtor's non-filing spouse has the power to manage and control the property. N.M.S.A. 1978 § 40-3-14(B) (Repl. Pamp. 1999) ("Where only one spouse is . . . named in a document evidencing ownership of community personal property . . . . only the spouse so named may manage, control, dispose of or encumber the community personal property described in such a document evidencing ownership . . ."). The trailers, thus, do not qualify as community property under 11 U.S.C. § 541(a)(2)(A).

However, the trailers do pass into the Debtor's bankruptcy estate as community property under 11 U.S.C. § 541(a)(2)(B). Although counsel for the Debtor asserted at the final hearing that the Debtor's purpose for filing bankruptcy was to obtain relief from debts incurred by the Debtor during a prior marriage, there is no evidence that the debts listed in the Debtor's statements and schedules are the Debtor's separate debts. The Warranty Deed attached as an exhibit to Debtor's response to the Trustee's Objection to Exemptions is dated September 20,

2000 and identifies the Justin Victor and the Debtor as husband and wife. The unsecured creditors identified on Debtor's Schedule F reflect dates that such claims were incurred ranging from December of 2003 to December 2004. It follows that the debts listed in Debtor's bankruptcy schedules were incurred during the marriage. Such debts are presumptively community debts under New Mexico law. *See Fingado,* 113 B.R. at 42 (Noting that there is a presumption under New Mexico law that all debts incurred during the marriage are community debts). *See also Fernandez v. Fernandez,* 111 N.M. 442, 444, 806 P.2d 582, 584 (Ct. App. 1991) ("[A]s a general rule, one spouse may incur a community debt even though the other spouse does not participate in the transaction.") (citing *Execu-Systems, Inc. v. Corlis,* 95 N.M. 145, 619 P.2d 821 (1980)).   Under New Mexico law, community debts are to be satisfied first from community property. N.M.S.A. 1978 § 42-3-11(A) (Repl. Pamp. 1999) ("[c]ommunity debts shall be satisfied first from all community property."). The trailers, which constitute community property under New Mexico law, are liable for the community debts listed in the Debtor's schedules. The Court, therefore, concludes that the 1994 Guthrie Trailer, the 2003 Gooseneck Trailer and the 2002 Gooseneck Trailer constitute community property properly included in the Debtor's bankruptcy estate under 11 U.S.C. § 541(a)(2)(B).

   Having found that the property at issue is community property that is property of the Debtor's bankruptcy estate, the Court must determine the extent to which the property is exempt. Debtor's assertion that the value of her interest in the community property is fully exempt does not lead to the conclusion that the property at issue is not subject to liquidation by the Chapter 7 trustee. The full value of the community property comes into the bankruptcy estate, and the Debtor is permitted to claim an exemption, to the extent available, in her one-half interest in the

9

subject community property. *See In re Passmore,* 156 B.R. 595, 599 (Bankr.E.D.Wis. 1993) ("[I]f the debtor has a community property interest in an asset, that entire asset is included in the bankruptcy estate under 11 U.S.C. § 541(a)(2), not merely the debtor's one-half interest, as is the rule with assets held as joint tenants or tenants in common."). As noted by the court in *In re Page,* 171 B.R. 349, 352 (Bankr.W.D.Wis. 1994)[6], "sections 522(b) and (d) do not apply to the debtor's community property interest but only to her individual interest." Thus the debtor may exempt her one-half interest in the community property, while the whole of the property is included in the bankruptcy estate. *Id.*

Nor can the Debtor's non-filing spouse assert an exemption in community property that is property of the bankruptcy estate. "[T]here is no provision for non-filing persons to claim their own exemptions from the debtor's estate. The statutory language is clear that the exemptions must be claimed by or on behalf of the debtor." *In re Johnson,* 184 B.R. 141, 145-146 (Bankr.D.Wyo. 1995). The *Johnson* court suggests that it may be possible under certain circumstances for a debtor to claim a state law exemption on behalf of the non-filing spouse. *Id.* But here, the Debtor has elected the federal bankruptcy exemption scheme, so the Court need not consider for purposes of the bankruptcy proceeding whether it is possible for the Debtor to claim a state law exemption in the property on behalf of her non-filing spouse.

Based on the foregoing, the Court concludes that the 1994 Guthrie Trailer, the 2003 Gooseneck Trailer, and the 2002 Gooseneck Trailer are property of the Debtor's bankruptcy estate in which Debtor is entitled to claim an exemption in her one-half interest. After all

---

[6]In *In re Page,* because there were no objections to the debtor's claimed exemptions, the debtor's exemption was not limited to her one-half interest in the subject property, and the debtor was allowed to exempt the full value of the community property. 171 B.R. at 352.

10

available exemptions are applied under 11 U.S.C. § 522(d), there remains $4,900.00 in non-exempt property of the bankruptcy estate that is subject to liquidation by the Chapter 7 Trustee.[7]

WHEREFORE, IT IS HEREBY ORDERED that the Trustee's Objection to Exemptions is GRANTED. The Debtor is entitled to claim an exemption in her one-half interest in the 1993 Guthrie Trailer in the amount of $3,100.00, which is the remainder of the exemption amount available under 11 U.S.C. § 522(d)(5). The Chapter 7 Trustee may liquidate the 1993 Guthrie Trailer, subject to the Debtor's claimed exemption.

                                              MARK B. McFEELEY
                                              United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Eric Dixon                        Clarke C. Coll
Attorney for Debtor          Chapter 7 Trustee
309 S Ave. A                   PO Box 550
Portales, NM 88130         Roswell, NM 88202

Patti G. Hennessy
Law Clerk
(505) 348-2545

---

[7] $15,125.00 in total exemptions claimed under 11 U.S.C. § 522(d)(5), less $10,225.00 actually available to exempt under 11 U.S.C. § 522(d)(5).

11

EXHIBIT A

The changes in Debtor's scheduled assets and claimed exemptions can be traced as follows:

| Property | Initial Schedules | Amended Schedules 8/17/05 | Amended Schedules 9/2/05 | Amended Schedule C 9/20/05 | Amended Schedules 3/16/05 |
|---|---|---|---|---|---|
| 546 Moore's Manor | community property value = $30,000.00 (secured claim of $25,000.00) Exemption = $5,000.00 NMSA § 42-10-9 | community property/joint no change in value Sched C not amended | community no change in value exemption = $5,000.00 NMSA § 42-10-9 | 1971 Mobile Home Located at 546 Moore's Manor value = $32,500.00 Exemption = $7,500.00 NMSA § 42-10-9 | community property/ joint tenant value = $30,000.00 (secured claim of $25,000.00) Exemption - none claimed |
| 1971 Mobile Home | community property value = $2,500.00 exemption = $2,500.00 NMSA § 42-10-9 | wife value = $150.00 Sched C not amended | Community value = $2,500.00 exemption = $2,500.00 NMSA § 42-10-9 | see above (combined w/ real property) | community - located on 546 Moore's Manor value = $2,500.00 Exemption = $2,500.00 11 U.S.C. § 522(d)(5) |
| 1994 Guthrie Trailer | not listed | wife value = $150.00 Sched C not amended | husband value = $12,000.00 exemption = $12,000.00 NMSA § 42-10-1, 2 | value = $8,000.00 Exemption = $8,000.00 NMSA § 42-10-1, 2 | husband value = $8,000.00 Exemption = $8,000.00 11 U.S.C. § 522(d)(1) |

12

| 2002 Gooseneck Trailer | not listed | wife value = $150.00 Sched C not amended | husband value = $4,000.00 Exemption = $4,000.00 NMSA § 42-10-1, 2 | value = $2,750.00 Exemption = $2,750.00 NMSA § 42-10-1, 2 | husband value = $2,750.00 Exemption = $2,750.00 11 U.S.C. § 522(d)(5) |
|---|---|---|---|---|---|
| 2003 Gooseneck trailer | not listed | wife value = $150.00 Sched C not amended | Husband value = $5,000.00 Exemption = $5,000.00 NMSA § 42-10-1, 2 | value = $3,300.00 Exemption = $3,300.00 NMSA § 42-10-1, 2 | husband value = $3,300.00 Exemption = $3,300.00 11 U.S.C. § 522(d)(5) |

13